IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ALLEN ROBERTSON,

       Petitioner,

v.

BRAD CAIN,

       Respondent.

Case No. 3:18-cv-00886-MO

OPINION AND ORDER

C. Renee Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Petitioner

Frederick M. Boss, Deputy Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Burglary and Assault. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed because it is untimely.

## BACKGROUND

In 2003, a Coos County jury convicted Petitioner of one count of Burglary in the First Degree and one count of Assault in the second degree. As a result, the trial court sentenced him to 214 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal where the Oregon Court of Appeals initially vacated his sentence, but the Oregon Supreme Court vacated that decision and remanded the case to the Oregon Court of Appeals. Respondent's Exhibits 109, 111. The Oregon Court of Appeals then affirmed Petitioner's convictions and sentence, and the Oregon Supreme Court denied review. *State v. Robertson,* 226 Or. App. 140, rev. denied, 346 Or. 364 (2009).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief on his claims. The Oregon Court of Appeals affirmed that decision without a written opinion, and the Oregon Supreme Court once again denied review. *Roberts v. Nooth*, 282 Or. App. 631 (2016), *rev. denied*, 361 Or. 311 (2017).

Petitioner field his federal Petition for Writ of Habeas Corpus with the assistance of counsel on May 21, 2018. He concedes that his Petition fails to comply with the Anti-

2 - OPINION AND ORDER

terrorism and Effective Death Penalty Act's one-year statute of limitations, but asserts that his actual innocence excuses the default.

**CONCLUSION**

A habeas corpus petitioner must generally file his federal challenge to his state convictions within one year of the time those convictions become final at the conclusion of his direct review. 28 U.S.C. § 2244(d)(1)(A). A petitioner who fails to comply with this deadline may overcome such a default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to make a gateway showing of actual innocence, a petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner does not identify any new evidence of his actual innocent. Instead, he asks the Court to conduct an evidentiary hearing so that he can personally testify to his innocence, including unidentified information that would purportedly call the complaining witness' veracity into question. Where Petitioner "fail[s] to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence[,]" he is not entitled to an evidentiary hearing and is unable to pass

3 - OPINION AND ORDER

through the *Schlup* gateway to excuse his untimely filing. *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002).

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 13 day of March, 2019.

Michael W. Mosman
United States District Judge

4 - OPINION AND ORDER